IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY AVINA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. _____ |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Nancy Avina, and for her causes of action against all defendant(s) alleges and avers as follows:

### PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1. Plaintiff Nancy Avina (hereinafter "Plaintiff") is an individual currently residing in Kansas City, Kansas. At all relevant times she has been employed by Union Pacific Railroad Company.

2. Union Pacific Railroad Company ("UPRC") is a corporation organized and existing under the laws of the State of Nebraska. Defendant UPRC may be served by and through its Registered Agent, The Corporation Company, 120 South Central Ave., Clayton, MO 63105. This Defendant, at all times pertinent to this action, has operated and done business in the state of Missouri.

3. Both jurisdiction and venue are proper in this federal Court. Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

1

4. This Court has jurisdiction over plaintiff's discrimination claims arising out of 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 623).

5. On February 26, 2019, Plaintiff filed her first Charge of Discrimination alleging race and age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). Plaintiff's Charge of Discrimination, having Charge Numbers FE-2/19-30344 and 563-2019-00992, is attached hereto as Exhibit "A," and its contents are incorporated herein by reference.

6. On March 26, 2019, the EEOC issued Plaintiff her Notice of Right to Sue. It is attached hereto as Exhibit "B," and incorporated by reference.

7. This action has been timely commenced by the filing of the Petition within ninety (90) days after the date written on the Notice of Right to Sue. Therefore, Plaintiff has duly and completely met all administrative requirements of the Age Discrimination in Employment Act.

## FACTUAL BACKGROUND OF PLAINTIFF'S CLAIMS

8. Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶1 through 7 above, including the entire contents of her Charge filed with the EEOC.

9. Plaintiff is a Hispanic female, born in 1975.

10. Plaintiff has been employed with Defendant UPRC since approximately 2005, and currently holds the position Material Clerk.

11. Plaintiff has satisfactorily performed the duties of her position and received good performance evaluations.

12. Throughout Plaintiff's employment tenure, she has been subjected to harassment because of her race.

13. In November 2014, Plaintiff testified on behalf of the Plaintiff and against Union Pacific Railway Company in *Shelby Monaco v. Union Pacific Railway Company, et al.,* Jackson County, Missouri Circuit Court, case number 1216-CV02342.

14. Plaintiff has applied and was qualified for multiple positions within Defendant UPRC throughout her employment tenure.

15. Specifically, Plaintiff applied and was qualified for the position of Material Supervisor 1E in approximately June 2017. This position was awarded to a younger, Caucasian female.

16. Plaintiff additionally applied and was qualified for the Administrative Aide position in approximately June 2018. This position was awarded to a younger, Caucasian female.

17. Plaintiff has also been assigned job duties and tasks for those within management positions, but did not receive the just compensation.

18. Plaintiff filed a complaint with Defendant UPRC's EEOC office in approximately July 2017 concerning her differential treatment. Nothing was done to resolve Plaintiff's complaints.

19. Plaintiff filed another complaint with Defendant UPRC's EEOC office in approximately November 2018 concerning her differential treatment. Again, nothing was done to resolve Plaintiff's complaints.

20. Overtime hours previously were assigned based on seniority basis. Plaintiff has been advised that is no longer the case, and that overtime hours are now assigned on a "first come, first serve" basis.

21. Plaintiff has made several complaints concerning employee safety. Plaintiff has been retaliated against due to making these complaints.

22. Plaintiff had received a MAPS Coaching Form on July 10, 2017. Plaintiff was instructed to report to another facility, and was written up for leaving her position without a relief person.

23. Plaintiff has had many instances where her payroll was processed incorrectly. Other employees have not had the issues with their payroll as Plaintiff has.

24. Plaintiff requested a copy of her personnel file for her records. When she received it, it appeared to not contain all information that had previously been maintained. Plaintiff was specifically informed that her personnel file had been scanned before originals were discarded and/or destroyed.

## COUNT I
## RACE DISCRIMINATION/RETALIATION IN VIOLATION OF 42 U.S.C.§1981

25. Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 24 above, including the entire contents of her Charge filed with the EEOC.

26. The continuing series of events planned and carried out by Defendant UPRC, as described above, are discriminatory, abusive, and harassing.

27. Defendant's misconduct, as alleged above, constitutes racial discrimination and retaliation in violation of 42 U.S.C. § 1981.

28. Plaintiff has been treated differently and his race is a contributing factor.

29. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

30. The actions of Defendant UPRC and its employees were willful and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and liquidated damages.

31.     Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

32.     If Plaintiff prevails on her claim, she is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding her all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## COUNT II
## AGE DISCRIMINATION/RETALIATION UNDER 29 U.S.C. § 623

33.     Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 32 above, including the entire contents of her Charge filed with the EEOC.

34.     Defendants' misconduct, as alleged above, constitutes age discrimination and retaliation in violation of 29 U.S.C. § 623.

35.     Plaintiff has been treated differently and his race is a contributing factor.

36.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

37.     The actions of Defendant UPRC and its employees were willful and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and liquidated damages.

38.     Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

39. If Plaintiff prevails on her claim, she is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding her all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised herein.

Respectfully submitted,

THE POPHAM LAW FIRM

By:/s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Telecopier: (816) 221-3999
degan@pophamlaw.com
**ATTORNEYS FOR PLAINTIFF**