Plaintiff's Exhibit A

| | | | | |
|---|---|---|---|---|
| Kathleen A. Nicolini/UPC | To | Sarah E. Yrkoski/UPC@UP | | |
| 07/17/2017 11:49 AM | cc | | | |
| | bcc | | | |
| | Subject | Supply Issues 961610 | | |

Sarah

Questions for folks...let me know how I can help you...

1. How are things going ?
2. Anything that your concerned about?
3. Help me understand what is going on here at the job site?
4. I understand you have a new supervisor?  Tell me a little about Miller since she was assigned her?  How are things?  Tell me a little about her manager style?  Is that different than past supervisors?  How are you doing with the new leadership style?
5. How about others are they comfortable with Miller?
6. Are there other changes that are occurring here?  What about any policy or standard work? Any changes with standard work?
7. Do you think there is enough communication on what's expected?  If not, tell me about that?  What could be done differently
8. Do people get treated the same for the same type of misunderstandings ? Some people are saying that people are unhappy?  Tell me about it?  Have you heard anything
9. Do people make comments that make you uncomfortable?  Who, What are those comments?  have you reported it to anyone?
10. Do you think things are beginning to settle in now with Miller, and Melanie.
11. Sounds like Kimberly left her job and Melanie became the Supervisor ? Has that been an adjustment for the work group? Are people adapting ?  What happened with Kimberly (Sarah not sure if this was voluntary or carrier initiated) what is employee perspective if it was Kimberly initiated.


If when you ask questions people do Its a "hostile environment" ---ask for specific examples, and say why do you think its happening?  Is Miller or Melanie treating everyone that way? Do you think its something else ?  Do you think its age -race -etc?  If so what are examples of people being treated better than others?  Have they heard comments or seen jokes, cartoons or comments etc...that applies to any of the protected classes...Get the examples -what was the incident or event, and how they were treated differently than younger workers, when did it happen, and did they report it to anyone?  Any time they say its discrimination (if they do) ask how they were treated differently than co-workers...

A few side comments I got as Stephanie is very reserved and she is being treated differently because of age (she is just 40 not a huge red flag in EEO side) but possible---but again they all are essential over the protected age group and Wood thinks the problem is 53 and older???
In the cases I have its been age but everyone is in the protected age group...majority are white...  Miller date of birth is ▮▮▮▮1980...so pretty much the majority of Matl hander & Matl Clerk are over 40 but racial diversity, and only one male...

| First Name | Last Name | Gender | Race | Position Title | Age |
|---|---|---|---|---|---|
| MELANIE | KING | F | W | MATERIAL SUPERVISOR | 29 |

| First | Last | Sex | Race | Title | Age |
|---|---|---|---|---|---|
| JEFF | SCOTT | M | W | MATL HANDLER | 30 |
| STEPHANIE | VAUGHN | F | W | MATL CLERK | 40 |
| NANCY | AVINA | F | H | MATERIAL HANDLER | 41 |
| JOLENTA | GOODE | F | B | MATERIAL HANDLER | 46 |
| MELANIE | CORUM | F | W | MATL HANDLER | 53 |
| KIMBERLY | PETERSON | F | W | MATL CLERK | 54 |
| MICHELLE | COLLINS | F | B | MATL HANDLER | 58 |
| CINDI | WOOD | F | W | MATL CLERK | 60 |

Bottom line is when its potentially discrimination its about how we treat others outside the protect group...I am sending my notes for you as well from my interviews with Wood & Avina...

I also spoke with Bridge. He explained that the group is a little resistant to change, and that they tend to undermine or move slowly when change is coming…He also discussed Avina coaching...that she didn't go to the right job site on July 11, 2017…call with questions.

 

961589 Cindy Woods Interview.doc    961610 Nancy Avina Interview.doc

Kathleen A. Nicolini, MBA, SPHR, SHRM - SCP
Manager of EEO
Union Pacific   1400 Douglas Street, STOP 310   Omaha, NE  68179
(: 402.544.8071 (office) | (: 402.707.5396 (cell) | 7: 402.997.3006 * KaNicoli@up.com

**I help build opportunities.  What will you build?**
    UP.jobs

Build with us:

Nancy Avina
961610

Duties: Material Handler –Inventory, unloading and reloading freight, cleaning, ordering materials for cars, and repairs.

Received a coaching –Events:
She was asked to work Missouri side when she normally works the Kansas side. She received an email to this effect. (Produced and Efile) She then received a call on or about July 10, 2017 to work an overnight shift which she agreed and she was scheduled to work July 11, 2017 at 7:00 at her regular assignment which she took to be the Kansas side.

She was coached for "abandoning" her assignment because she left the Missouri side to go to the Kansas side after checking with a "customer".

APDS does not have the coaching in the system confirming it was a coaching –she believed it to be a warning under MAPS.

Reason Whistleblower:
She reported insufficient dirty water at the eye cleaning station. Avina reported it to the safety hotline. Avina reported she wasn't "harassed" until after she reported the eye station involving Miller. She claims Miller instructed her to do something inconsistent with safety protocols.

Observations by Avina:
a) Miller has an unpredictable mood –constant mood swings,
b) Miller is modifying work assignments in violation of the contracts and trying to use email,
c) Avina explained it to Bridges, Randy
d) Miller gets upset when she doesn't know what is going on or how to do something
e) Avina tries to be an asset to UP
f) Implied its Age (Miller is younger)
g) Miller is attempting to incorporate other areas work
h) Avina tries to follow chain of command
i) Avina alleged on 7.6.17 Melaine and Miller were watching her. Miller "raised" her hand telling Avina to stop the forklift, and it startled Avina. They were watching her work. Avina claimed Miller told her she wasn't following standard work, and Avina told her she was…Miller than instructed Avina to go ask co-workers to do something, and she refused saying it wasn't appropriate. Avina adheres to the CBA and quotes it frequently.
j) Melanie King supposedly gets preferential treatment –no examples nicer to her (she is a supervisor)
k) Jeff Scott gets treated better than Avina
l) Was denied lunch treat as was a Caucasian Female (Older than Avina) –they were on the Kansas side, everyone else was on the Missouri Side…
m) Miller supposedly yelled at Darrin (contractor) in front of "Pete" in Freight

Avina is fearful of Miller. She loves her job and doesn't want to leave it.

Avina alleged it was related possibly to national origin but Kimberly Pederson is white and she too is treated badly.

Cindy Woods
TCU
Interview

Job Scope: Material Clerk – track items that need repair, drive forklifts, receives parts/inventory, return to stock, pull orders, and shipping other related duties.

Issues: Believes workers over 40 are treated worst than younger workers?

Woods Observations:
a) Employees were very welcoming of Miller
b) Miller is constantly defensive
c) Wood was out on FMLA upon return –(which was Miller's 2nd week) – "what are you doing here, asked Wood if she had approval to return, Miller didn't believe she had confirmation of release to work – Wood had sent an email…Miller missed it – Wood believes that she had it and was rude…
d) Miller thought Wood had called a union representative and allegedly commented Wood lied (no witnesses)
e) Kim Pederson asked for training – Miller apparently didn't want to provide it…
f) No age comments – its *tone of voice the inflection*
    a. Miller rolls her eyes, smirks at "C", treats Avira badly as well – supposedly Melanie treats people bad too. Jeff Scout is treated well
    b. Feels its been uncomfortable – afraid of what's going on – what's going to happen next; unclear of how Miller is going to react, a very "volatile work leader" – people will get hurt because they work in such a physical environment – Miller distracts them

g) Pederson & Avida both written up
h) June 29, 2017 Bridges, Randy spoke with Wood and also Miller – Miller more professional in her interactions – feels Miller is *toning it down* – *Miller* per Woods is a "ticking time bomb"

Wood wants:
a) Miller to stop being rude, snapping at people, even people she doesn't know, doesn't introduce herself to others – very unprofessional manager
b) Miller doesn't want to be written up ---Wood hasn't been disciplined as of 7.17.17



**Kathleen A. Nicolini**/UPC  
08/01/2017 04:17 PM

To: Lance A. Schimke/UPC@UP
cc:
bcc:
Subject: 961610 Closure.docx

This is another case that needs to be mailed. Thanks.

**Kathleen A. Nicolini, MBA, SPHR, SHRM - SCP**
**Manager of EEO**
Union Pacific   1400 Douglas Street, STOP 310   Omaha, NE   68179
(: 402.544.8071 (office) | (: 402.707.5396 (cell) | 7: 402.997.3006 * KaNicoli@up.com

**I help build opportunities.  What will you build?**
    UP.jobs

Build with us:    

- 961610 Closure.docx

CONFIDENTIAL                                                                          UP-AVINA-002516

CONFIDENTIAL

Union Pacific Railroad  
1400 Douglas Street, Stop 310  
Omaha, NE 68179  
Ph. (866) 877-3362

Equal Employment Opportunity  
Affirmative Action

08/01/2017

Nancy Avina  
958 S. 73rd Road Terr. Lot 93  
Kansas City, Kansas 66111

Dear Nancy Avina

Please be advised that the EEO Department has conducted an investigation into situation brought to our attention. I appreciate your time and attention to this matter. We are processing the case for closure. If you have any additional questions, please contact me.

Also, as you know, Union Pacific prohibits retaliation against any employee who has made a good faith report of alleged EEO violations. If you believe that you are being retaliated against because of your EEO complaint, please contact the EEO Hotline immediately at 1-866-877-3362.

Cordially,

Kathleen A. Nicolini, MBA, SPHR, SHRM - SCP  
Manager, EEO & AA  
(402) 544-8071  
kanicoli@up.com

This is my summary...I reached out to have both of them call me (Avina and Wood). I suspect they will call in the next day or so.  FYI normally I do not share with HR or the field but since we did joint work on this it appeared appropriate.  Call with questions.  I will explain to Avina and Wood that there is not an EEO Violation nor retaliation.  However we think there are things that can be done better in the future, and I appreciate there bringing possible concerns to my attention.

# Cindy Woods 961589

# Nancy Avina  961610  Case Summaries

**Issues:**
a) Are employees subject to a hostile work environment based on national origin and/or age
b) Did Avina receive discipline for reporting a safety concern

**Witnesses:**
Samantha Miller - Mgr Supply Ops            Randy Bridges - Sr Mgr Supply Ops - 8-535-4365
Cindy Woods - Material Clerk
Nancy Avina -Material Handler
Sarah Yrkoski- HRCS Director Supply had received a series of employee relations cases in close proximity to the EEO Hotline cases.  Yrkoski and the EEO Manager worked together, and questions were supplied to Yrkoski to avoid duplications of efforts.

**Documents:**
Team Department demographics
Discipline (APDS)

**Rules**: Union Pacific EEO/AA Policy

**Facts**:
**Background**
EEO and Value Line (Employee Relations) complaints were filed involving the work group of Material Clerks & Handlers.   Bridges and Yrkoski provided some general background information regarding the work team.  The work team is well established, and Bridges related not "receptive to change".   Samantha Miller (Mrg Supply Ops) is a direct person, and is "very much the UP way".  Her goal is to get the area organized.   Bridges believes the employees' like things the way they are.

Yroski conducted interviews with employees at the worksite after a series of concerns were raised involving employee/management relationship breakdowns.  Yrkoski was available to speak with employees which she did. Follow-up discussions with Yrkoski mirrored the

sentiments obtained towards Miller captured in the internal EEO investigation. However, conversations with Yrkoski were regarding on-going communication problems, attitude and management style of Miller. Some employees believed that Miller was abrupt and difficult, and got off to a poor start. Opinions exist that the *damage has been done* and it's not possible to rebuild relationships with the agreement personnel. Yrkoski did not get information of bias despite being prepared and offered questions to capture information on differences in treatment amongst employees.

### EEO Allegations
Woods and Avina are equal clear that they dislike Miller, and believe she should be reassigned or terminated. Wood (a local union chairperson) said Miller is constantly defensive. They had a disagreement or misunderstanding on FMLA and return to work. Wood purports Miller called her a liar but no witnesses were present. Wood indicated that Miller's *tone of voice and inflection* are unacceptable. Woods did not hear either directly or indirectly (through co-workers) of any age related comments uttered by Miller. Wood frequently during the investigation spoke of Miller's lack of professionalism. Wood acknowledged that she complained to Bridges in the end of June and since Miller has "toned it down". Wood, however, added Miller is a *ticking time bomb*. Wood acknowledged that she has not been disciplined by Miller.

Wood believes that problem is related to age. The following table represents the demographics' of the work group.

| Person ID | First Name | Last Name | Gender | Race | Position Title | Age |
|---|---|---|---|---|---|---|
| 0000460503 | MELANIE | KING | F | W | MATERIAL SUPERVISOR | 29 |
| 0000463321 | JEFF | SCOTT | M | W | MATL HANDLER | 30 |
| 0000451945 | STEPHANIE | VAUGHN | F | W | MATL CLERK | 40 |
| 0000420092 | NANCY | AVINA | F | H | MATERIAL HANDLER | 41 |
| 0000460502 | JOLENTA | GOODE | F | B | MATERIAL HANDLER | 46 |
| 0000428077 | MELANIE | CORUM | F | W | MATL HANDLER | 53 |
| 0000420093 | KIMBERLY | PETERSON | F | W | MATL CLERK | 54 |
| 0000211082 | MICHELLE | COLLINS | F | B | MATL HANDLER | 58 |
| 0000059945 | CINDI | WOOD | F | W | MATL CLERK | 60 |

Woods noted that she believes the bias do be targeted towards workers over the age of 50 and female. Woods used the example the Avina was recently disciplined because of her age. Woods indicated it's those workers over 50 years of age that Miller goes after. When the EEO Manager discussed that the worker (Avina) disciplined was less than 50 years of age Woods was surprised. (Coaching was issued to Avina who is 41 years of age).

Avina expressed her distain for Miller. Avina cited an example when Miller allegedly bought food for everyone but Peterson and her. Avina admitted that they were working a different job site. Initially Avina alleged retaliation but as discussions advanced she added age and national origin bias. Avina was advised that if Peterson was also not provided lunch how would it be related to national origin? Avina indicated its' because she is Hispanic. It was discussed that Peterson is white. When discussing age it was noted that others over 55 years of age were fed how was it age? Avina had no answer. Avina was asked for other direct examples of bias and she could not supply them. Examples supplied by Avina were similar in nature to Woods': a) Miller is moody, b) modifying work in violation of the CBA; c) Miller gets upset when she doesn't know what is going on, and d) the event resulting in a coaching for Avina.

Avina and Miller had a discussion about an eye wash station replacement. On an undisclosed date in June the eye wash was not working properly. Miller had it repair/replaced. Miller let Avina know about the change, and her reply was "...it would have been good to have it last week". Avina feels Miller took offense. It was the complaint about the station that invokes her belief she has experienced retaliation.

The coaching event occurred several weeks later (July 10, 2017). Bridges indicated that coaching was a result of his involvement because Avina failed to follow instructions. Employees within this work team may work at multiple locations. Avina was assigned to the Kansas site. She worked another site (Missouri) on a Friday. She then voluntarily worked at the Missouri site. She performed different work pursuant to managements' request. She received an email instructing her (on Friday, July 7, 2017) to work her regular work. She left the Missouri side upon conclusion of her shift (the extra shift) to report to Kansas. She failed to notify management. She received a "coaching". Melanie R. King specifically told her to report to KC01 according to "C" on 7.6.17. This event is a composite of possible miscommunications but nothing that links it to retaliation or a protected basis. Avina was coached for failing to ensure adequate coverage. She left prior to being released, and argued the release was approved not appreciating the person she told was a customer not her management. Coaching is not discipline under the CBA and it was not available in APDS upon the Investigator's review.

### Outcomes:
a) Are employees subject to a hostile work environment based on national origin and/or age -Unsubstantatiated
b) Did Avina receive discipline for reporting a safety concern? Unsubstantatiated

### Rationale:
The discussions with Yrkoski and the testimony obtained in the EEO investigation affirm that the issues are employee relations' based. Employees and Miller do not get along with one another. Bridge explained Miller adheres to the UP Way and holds employees accountable. Employees may have gotten lax over time, and Miller is ensuring things are done pursuant to expectations. This appears to be a shift for this work team who are resistant to change and possibly following UP protocols and rules. Miller has some work to do with developing relationships and will need to continue to fulfill expectations but ensure her team understands the "how matters" and that expectations will be met. Change can trigger angst amongst work groups but the change will continue.

Miller needs development on managing change and working in a difficult environment.

The evidence revealed all but one worker is over forty and female. Miller is not within the protected age group. Despite the majority of individuals being in the protected age group and female there is no evidence that supports age or gender or national origin are involved in the decisions. The common thread amongst this work group is allegedly that Miller is difficult to work with and disrespectful. Employees disapprove of the treatment they receive which is, in their opinion,disrespectful. While not the culture UP strives for - concerns related about disrespect in treatment such as tone and inflection it is unrelated to membership in a protected class. Management (Yrkoski) recognizes that a development opportunity exist for Miller to work effectively with this work team. However, it is also note worthy that testimony obtained reflects that employees constantly challenge Miller's on work and make comments such as "it would have been good to have it last week" are not engaging or respectful. Avina frequently mentioned Miller is changing things and making them do things outside the CBA and gets angry when Avina points it out.

### Retaliation

Evidence did not support that Avina was retaliated against. Avina did not follow instructions pursuant to management's understandings and direction. Avina left her work area without adequate coverage, and without speaking to management in her work team. As a result she was coached -which is not discipline under MAPS. Evidence was not obtained that the coaching was related to a safety concern report that occurred several weeks earlier.

Recommendations:
There is potential for development of the work team.
a) Team Building Training - (is this viable for agreement personnel)
b) Development of Miller -
c) Clarification and on-going communication on change
d) EEO Updates to understand protections and application
e) Possible Labor Relations education (as appropriate -Avina repeated referred to "violations of the CBA").

Kathleen A. Nicolini, MBA, SPHR, SHRM - SCP
Manager of EEO
Union Pacific   1400 Douglas Street, STOP 310   Omaha, NE  68179
(: 402.544.8071 (office) | (: 402.707.5396 (cell) | 7: 402.997.3006 * KaNicoli@up.com

I help build opportunities. What will you build?
    UP.jobs

Build with us: 

Kathleen A. Nicolini/UPC    To   Sarah E. Yrkoski/UPC@UP
08/02/2017 08:42 AM    cc
   bcc
Subject   Follow-up

It is the investigative findings on the case, and recommendations (nothing should surprise you because we discussed it)...If your on vacation or something fun..don't read this until your back...

# Cindy Woods 961589

# Nancy Avina 961610 Case Summaries

**Issues:**
a) Are employees subject to a hostile work environment based on national origin and/or age
b) Did Avina receive discipline for reporting a safety concern

**Witnesses:**
Samantha Miller - Mgr Supply Ops        Randy Bridges - Sr Mgr Supply Ops - 8-535-4365
Cindy Woods - Material Clerk
Nancy Avina -Material Handler
Sarah Yrkoski- HRCS Director Supply had received a series of employee relations cases in close proximity to the EEO Hotline cases. Yrkoski and the EEO Manager worked together, and questions were supplied to Yrkoski to avoid duplications of efforts.

**Documents:**
Team Department demographics
Discipline (APDS)

**Rules**: Union Pacific EEO/AA Policy

**Facts**:
Background
EEO and Value Line (Employee Relations) complaints were filed involving the work group of Material Clerks & Handlers. Bridges and Yrkoski provided some general background information regarding the work team. The work team is well established, and Bridges related not "receptive to change". Samantha Miller (Mrg Supply Ops) is a direct person, and is "very much the UP way". Her goal is to get the area organized. Bridges believes the employees' like things the way they are.

Yroski conducted interviews with employees at the worksite after a series of concerns were raised involving employee/management relationship breakdowns. Yrkoski was available to speak with employees which she did. Follow-up discussions with Yrkoski mirrored the sentiments obtained towards Miller captured in the internal EEO investigation. However, conversations with Yrkoski were regarding on-going communication problems, attitude and management style of Miller. Some employees believed that Miller was abrupt and difficult, and got off to a poor start. Opinions exist that the *damage has been done* and it's not

CONFIDENTIAL        UP-AVINA-002522
Case 4:19-cv-00480-RK    Document 70-2    Filed 03/15/21    Page 12 of 15
CONFIDENTIAL

possible to rebuild relationships with the agreement personnel. Yrkoski did not get information of bias despite being prepared and offered questions to capture information on differences in treatment amongst employees.

### EEO Allegations

Woods and Avina are equal clear that they dislike Miller, and believe she should be reassigned or terminated. Wood (a local union chairperson) said Miller is constantly defensive. They had a disagreement or misunderstanding on FMLA and return to work. Wood purports Miller called her a liar but no witnesses were present. Wood indicated that Miller's *tone of voice and inflection* are unacceptable. Woods did not hear either directly or indirectly (through co-workers) of any age related comments uttered by Miller. Wood frequently during the investigation spoke of Miller's lack of professionalism. Wood acknowledged that she complained to Bridges in the end of June and since Miller has "toned it down". Wood, however, added Miller is a *ticking time bomb*. Wood acknowledged that she has not been disciplined by Miller.

Wood believes that problem is related to age. The following table represents the demographics' of the work group.

| Person ID | First Name | Last Name | Gender | Race | Position Title | Age |
|---|---|---|---|---|---|---|
| 0000460503 | MELANIE | KING | F | W | MATERIAL SUPERVISOR | 29 |
| 0000463321 | JEFF | SCOTT | M | W | MATL HANDLER | 30 |
| 0000451945 | STEPHANIE | VAUGHN | F | W | MATL CLERK | 40 |
| 0000420092 | NANCY | AVINA | F | H | MATERIAL HANDLER | 41 |
| 0000460502 | JOLENTA | GOODE | F | B | MATERIAL HANDLER | 46 |
| 0000428077 | MELANIE | CORUM | F | W | MATL HANDLER | 53 |
| 0000420093 | KIMBERLY | PETERSON | F | W | MATL CLERK | 54 |
| 0000211082 | MICHELLE | COLLINS | F | B | MATL HANDLER | 58 |
| 0000059945 | CINDI | WOOD | F | W | MATL CLERK | 60 |

Woods noted that she believes the bias do be targeted towards workers over the age of 50 and female. Woods used the example the Avina was recently disciplined because of her age. Woods indicated it's those workers over 50 years of age that Miller goes after. When the EEO Manager discussed that the worker (Avina) disciplined was less than 50 years of age Woods was surprised. (Coaching was issued to Avina who is 41 years of age).

Avina expressed her distain for Miller. Avina cited an example when Miller allegedly bought food for everyone but Peterson and her. Avina admitted that they were working a different job site. Initially Avina alleged retaliation but as discussions advanced she added age and national origin bias. Avina was advised that if Peterson was also not provided lunch how would it be related to national origin? Avina indicated its' because she is Hispanic. It was discussed that Peterson is white. When discussing age it was noted that others over 55 years of age were fed how was it age? Avina had no answer. Avina was asked for other direct examples of bias and she could not supply them. Examples supplied by Avina were similar in nature to Woods': a) Miller is moody, b) modifying work in violation of the CBA; c) Miller gets upset when she doesn't know what is going on, and d) the event resulting in a coaching for Avina.

Avina and Miller had a discussion about an eye wash station replacement. On an undisclosed date in June the eye wash was not working properly. Miller had it repair/replaced. Miller let Avina know about the change, and her reply was "...it would have been good to have it last week". Avina feels Miller took offense. It was the complaint about

the station that invokes her belief she has experienced retaliation.

The coaching event occurred several weeks later (July 10, 2017). Bridges indicated that coaching was a result of his involvement because Avina failed to follow instructions. Employees within this work team may work at multiple locations. Avina was assigned to the Kansas site. She worked another site (Missouri) on a Friday. She then voluntarily worked at the Missouri site. She performed different work pursuant to managements' request. She received an email instructing her (on Friday, July 7, 2017) to work her regular work. She left the Missouri side upon conclusion of her shift (the extra shift) to report to Kansas. She failed to notify management. She received a "coaching". Melanie R. King specifically told her to report to KC01 according to "C" on 7.6.17. This event is a composite of possible miscommunications but nothing that links it to retaliation or a protected basis. Avina was coached for failing to ensure adequate coverage. She left prior to being released, and argued the release was approved not appreciating the person she told was a customer not her management. Coaching is not discipline under the CBA and it was not available in APDS upon the Investigator's review.

### Outcomes:
a) Are employees subject to a hostile work environment based on national origin and/or age -Unsubstantatiated
b) Did Avina receive discipline for reporting a safety concern? Unsubstantatiated

### Rationale:
The discussions with Yrkoski and the testimony obtained in the EEO investigation affirm that the issues are employee relations' based. Employees and Miller do not get along with one another. Bridge explained Miller adheres to the UP Way and holds employees accountable. Employees may have gotten lax over time, and Miller is ensuring things are done pursuant to expectations. This appears to be a shift for this work team who are resistant to change and possibly following UP protocols and rules. Miller has some work to do with developing relationships and will need to continue to fulfill expectations but ensure her team understands the "how matters" and that expectations will be met. Change can trigger angst amongst work groups but the change will continue.

Miller needs development on managing change and working in a difficult environment.

The evidence revealed all but one worker is over forty and female. Miller is not within the protected age group. Despite the majority of individuals being in the protected age group and female there is no evidence that supports age or gender or national origin are involved in the decisions. The common thread amongst this work group is allegedly that Miller is difficult to work with and disrespectful. Employees disapprove of the treatment they receive which is, in their opinion,disrespectful. While not the culture UP strives for - concerns related about disrespect in treatment such as tone and inflection it is unrelated to membership in a protected class. Management (Yrkoski) recognizes that a development opportunity exist for Miller to work effectively with this work team. However, it is also note worthy that testimony obtained reflects that employees constantly challenge Miller's on work and make comments such as "it would have been good to have it last week" are not engaging or respectful. Avina frequently mentioned Miller is changing things and making them do things outside the CBA and gets angry when Avina points it out.

### Retaliation
Evidence did not support that Avina was retaliated against. Avina did not follow instructions pursuant to management's understandings and direction. Avina left her work area without adequate coverage, and without speaking to management in her work team. As a result she was coached -which is not discipline under MAPS. Evidence was not obtained that the

coaching was related to a safety concern report that occurred several weeks earlier.

Recommendations:
There is potential for development of the work team.
   a) Team Building Training - (is this viable for agreement personnel)
   b) Development of Miller -
   c) Clarification and on-going communication on change
   d) EEO Updates to understand protections and application
   e) Possible Labor Relations education (as appropriate -Avina repeated referred to "violations of the CBA".

Kathleen A. Nicolini, MBA, SPHR, SHRM - SCP
Manager of EEO
Union Pacific   1400 Douglas Street, STOP 310   Omaha, NE  68179
(: 402.544.8071 (office) | (: 402.707.5396 (cell) | 7: 402.997.3006 * KaNicoli@up.com

**I help build opportunities.  What will you build?**
   UP.jobs

Build with us: