# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

NANCY AVINA,                             )
                                         )
     Plaintiff,    )
v.                                       )          Case No. 4:19-cv-00480-RK
                                         )
UNION PACIFIC RAILROAD                   )
COMPANY,                                 )
                                         )
     Defendant.    )

## PLAINTIFF'S BRIEF ON THE INAPPLICABILITY OF PREEMPTION TO THE FACTS OF THIS CASE

Numerous Supreme Court and Eighth Circuit cases make clear that Defendant's RLA preemption argument is unfounded.

## Because the ADEA and §1981, And Not the Collective Bargaining Agreement, Are the Source of Plaintiff's Claims, the Railway Labor Act Does Not Preempt Plaintiff's Discrimination Claims

The Railroad Labor Act establishes mandatory arbitral mechanism for disputes "growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. §151a. Preemption does not apply here because the disputes at issue in this case do not "grow[ ] out of [a] grievance[ ] or out of the interpretation or application of [an] agreement[ ] covering rates of pay, rules, or working conditions."

The "minor disputes" that subject to RLA arbitration are those that involve duties and rights created or defined by the CBA. *Atchison, T. & S.F.R. Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). According to the Supreme Court in *Buell*,

> It is inconceivable that Congress intended that a worker who suffered a disabling injury would be denied recovery under the FELA simply because he might also be able to process a narrow labor grievance under the RLA to a successful conclusion. As then District Judge J. Skelly Wright concluded, 'the Railway Labor Act ... has no application to a claim for damages to the employee resulting from the negligence of an employer railroad.'

The Supreme "has, on numerous occasions, declined to hold that individual employees are, because of the availability of arbitration, barred from bringing claims under federal statutes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411, 108 S. Ct. 1877, 1884, 100 L. Ed. 2d 410 (1988). *Lingle* involved interpretation of the Labor Management Relations Act ("LMRA").

In *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258, 114 S. Ct. 2239, 2247, 129 L. Ed. 2d 203 (1994), the Supreme Court held that the framework enunciated in *Lingle* is equally applicable to resolving questions of RLA preemption. *Id.,* 512 U.S. at 263, 114 S. Ct. at 2249. *Norris* holds:

> the question under *Lingle* is whether respondent's state-law wrongful-discharge claims are independent of the CBA. Petitioners argue that resort to the CBA is necessary to determine whether respondent, in fact, was discharged. This argument is foreclosed by *Lingle* itself. *Lingle* teaches that the issue to be

2

> decided in this action-whether the employer's actions make out the element of discharge under Hawaii law – is a "purely factual questio[n]." 486 U.S., at 407, 108 S.Ct., at 1882.

*Id.*, 512 U.S. at 266, 114 S. Ct. at 2239. The holding of *Norris* based on the teaching of *Lingle* is dispositive here – no interpretation of the CBA is necessary here because Plaintiff's claims present "purely factual question[s]."

Relying on *Norris,* the Eighth Circuit held in *Deneen v. Northwest Airlines, Inc.,* 132 F.3d 431, 439 (8th Cir. 1998), that "[b]ecause federal and state law are the source of [plaintiff's] claims, not the collective bargaining agreement, the Railway Labor Act does not preempt Mrs. Deneen's discrimination claims." *See also, Taggart v. Trans World Airlines, Inc.,* 40 F.3d 269, 274–75 (8th Cir.1994) (holding state law discrimination claim not preempeted by RLA) and *Norman v. Missouri Pac. R.R.*, 414 F.2d 73, 83 (8th Cir.1969) (noting Congress did not intend to make railroads immune from Title VII liability for discrimination in employment).

Similarly, in *Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1060–61 (8th Cir. 2006), the court held that "[b]y asserting an ADA discrimination claim, Pittari seeks to enforce a federal statutory right, not a contractual right embodied in the collective bargaining agreement." And, "[b]ecause federal law, not the collective bargaining agreement, is the source of Pittari's discrimination claim, the RLA does not preempt the claim."

3

## None of Plaintiff's Claims Require the Court to Interpret the Collective Bargaining Agreement

Defendant tries mightily to recast Plaintiff's claims as arising out of or being based on the CBA.[1] They clearly are not. Plaintiff brings claims under the ADEA and §1981. Therefore, they are not preempted by the RLA.

The fact that UP's *defense* asks the court to construe the collective bargaining agreement insufficient to confer federal jurisdiction on the ground of complete preemption. *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998)("Complete preemption occurs only when a plaintiff's claim itself is based on rights created directly by, or substantially dependent on an analysis of, a collective bargaining agreement.").

On multiple occasions, the Eighth Circuit has stated and reaffirmed that a *defendant's* attempt to invoke or seek interpretation of a CBA does not result in preemption. *See, Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244 (8th Cir. 1995), *Meyer v. Schnucks Markets, Inc.*, 163 F.3d 1048, 1051 (8th

---

[1] "Plaintiff[ ] conten[ds] that the use of iTrackForce as the system of bidding does not conform with the requirement of the CBA." Def's Br., p. 3. Plaintiff makes no such claim. Plaintiff's claim is that she followed the procedure laid out in the CBA and in the related bulletin to make her interest in the position known to Defendant and did not receive the position because of Defendant's discrimination. It is *Defendant* who asks the Court to rewrite the CBA to insert a requirement of that in addition to following the language of the CBA and related bulletin, the CBA requires an iTrackForce bid as a condition of being considered for the position.

4

Cir. 1998), *Bogan v. Gen. Motors Corp.,* 500 F.3d 828, 833 (8th Cir. 2007) and *Dunn v. Astaris, LLC,* 292 F. App'x 525, 526–27 (8th Cir. 2008).

*Dunn v. Astaris,* instructs that this Court is to "ask[ ] only whether the claim itself, regardless of probable defenses, is necessarily grounded in rights established by the CBA." In *Dunn,* because the court found that "the question of a causal relationship between Dunn's claim and Astaris's refusal to allow him to return to work turns on purely factual questions about Astaris's conduct and motives rather than on the scope of Astaris's contractual authority to refuse to reinstate Dunn to his position," Dunn's claim was not preempted. Here, Avina's claims likewise "turn on purely factual questions about UP's conduct and motives rather than" on any interpretation of the CBA.

Similarly, in *Markham v. Wertin*, 861 F.3d 748, 757 (8th Cir. 2017), Markham alleged that he could perform the job with or without reasonable accommodation and that he "requested the reasonable accommodation that he be allowed to continue taking his [prescription medication]." Taking those allegations as true, the *Markham* court held that whether Markham was disabled and whether he could be reasonably accommodated are not substantially dependent on analysis of the CBA.

Wertin argued that the discrimination claim was nonetheless preempted because a court would have to interpret the CBA to determine

what right Markham had to training assignments and what duties were imposed upon Local 545 to make those assignments. The *Markham* court rejected that argument, stating:

> The CBA and related standards do not set forth the manner in which the JATC places apprentices in job training assignments. Instead, the documents speak generally about the JATC's authority and responsibilities. The CBA gives the JATC authority to issue assignments, to handle any issues concerning apprenticeship matters, and to cancel the indenture of apprentices. The related standards reiterate that the JATC places apprentices with employers, transfers apprentices from one job to another, and may cancel apprenticeship agreements. Markham has not challenged the JATC's authority to place, transfer, or terminate his agreement. He has alleged that his disability contributed to Local 545's failure to place him and its decision to terminate him. We thus view the legal character of the discrimination claims as independent of the rights established in the CBA and related standards. While the claim may require a court to refer to or consult the CBA and related standards, it is not substantially dependent thereon.

*Johnson, Humphrey, Meyer, Brogan Dunn* and *Markham* each independently foreclose Defendant's preemption argument.

The only preemption case cited by Defendant that favors Defendant and that is remotely similar to this case is *Hogan v. Northwest Airlines, Inc.*, 880 F. Supp. 685, 690 (D. Minn. 1995). In *Hogan*, a district court granted summary judgment on the basis of preemption based on *defendant's* argument that "Hogan did not apply for the Bulletin Number 92–360 position in accordance with the procedures set forth in Article 9 of the Blue Book." *Hogan,* however was decided in March 1995 – **before** *Humphrey* (June 1995),

6

*Johnson* (1998)*, Meyer* (1998)*, Brogan* (2007)*, Dunn* (2008) and *Markham* (2017). *Hogan*, therefore, cannot be considered persuasive precedent over later, contrary controlling precedent from the Eighth Circuit.

### Conclusion

Plaintiff's claims arise independently of the CBA and do not require interpretation of the CBA. To the contrary, they involve a purely factual questions. Accordingly, RLA preemption does not apply.

*Respectfully submitted,*

**THE MEYERS LAW FIRM, LC**

By: <u>*/s/ Martin M. Meyers*</u>
Martin M. Meyers  MO #29524
mmeyers@meyerslaw.com
4435 Main Street, Suite 503
Kansas City, Missouri 64111
(816) 444-8500
(816) 444-8508 *facsimile*

**THE POPHAM LAW FIRM**
DENNIS E. EGAN - MO #27449
degan@pophamlaw.com
COOPER S. MACH – MO #68223
cmach@pophamlaw.com712
Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Telecopier: (816) 221-3999

**ATTORNEYS FOR PLAINTIFF**

7

## <u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the above and foregoing was served via email this 6th day of January, 2022 upon:

Kimberly F. Seten, Esq.
kseten@constangy.com
Charles S. Eberhardt, III, Esq.
ceberhardt@constangy.com
Constangy, Brooks, Smith, & Prophete, LLP
2600 Grand Blvd., Suite 750
Kansas City, Missouri 64108

Virginia L. Woodfork, Esq.
vwoodfork@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
600 17th Street, Suite 2700S
Denver, Colorado 80202

Robert L. Ortbals, Jr., Esq.
rortbals@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
680 Craig Rd., Suite 400
St. Louis, Missouri 63141

Attorneys for Defendant

*/s/ Martin M. Meyers*