IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NANCY AVINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-00480-CV-RK |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

### ORDER DETERMINING COSTS

This case involved claims of employment discrimination that the Court concluded to be preempted under the Railway Labor Act, granting Defendant's partial motion to dismiss on that ground on the record during trial and explaining its ruling in a written order entered May 11, 2022. (Doc. 168.)

Now before the Court is Defendant's Bill of Costs seeking $15,043.30 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. (Doc. 182.) Plaintiff has not filed any objection to the taxation of costs, and the deadline for doing so has passed. (*See id.*) For the following reasons, the Court awards Defendants $15,043.30 in costs.

### Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a presumption that a prevailing party is entitled to the recovery of costs. *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005). The losing party bears the burden of overcoming this presumption. *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001). Per Local Rule 54.1(a), the Court should consider objections to a bill of costs, along with any reply suggestions in support, then direct the Clerk to tax costs as appropriate. "If no timely objection is filed, the Clerk must tax costs as claimed in the bill." *Id.*

Pursuant to 28 U.S.C. § 1920, the following specific items may be taxed as costs:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under section 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The power to tax costs under § 1920 is limited to the items enumerated in the statute. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). "Costs" must be construed narrowly under the statute. The Supreme Court explained that "[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs under § 1920 "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.*

The pendency of an appeal is not a basis for denying a prevailing party's bill of costs. This is so because of the definition of "judgment" as "any order from which an appeal lies," and provision for an award of costs to a prevailing party following entry of judgment. Fed. R. Civ. P. 54(a) and (d)(1).[1] This principle is further supported by the requirement of Local Rule 54.1 (a)(1) that "[a] party seeking an award of costs must file a verified bill of costs, on the form provided by the Clerk, no later than 21 days after entry of final judgment under Fed. R. Civ. P. 58[,]" and does not provide that the time to file is tolled or otherwise extended for any pending appeal.

## Discussion

Defendants seek costs for fees of court reporters for (1) transcripts of eight depositions, including those for Plaintiff and seven other witnesses, and (2) the trial transcript. (Doc. 183 at 2-3.) In determining whether the cost of a deposition transcript is compensable under § 1920, the relevant question is whether it "reasonably seemed necessary at the time [it] w[as] taken." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). For the cost of a transcript to be compensable under § 1920, the transcript must be "necessary for use in the case" and "not obtained primarily for the convenience of the parties." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985).

Here, Defendant indicates it was necessary to take Plaintiff's deposition to determine her knowledge of facts in support of her allegations. Defendant represents that the additional

---

[1] *See also Choi v. Reed Inst.*, No. 3:17-CV-2064-MO, 2019 WL 8301675, at *1 (D. Or. Mar. 5, 2019); *SunTrust Bank v. Ruiz*, No. 1421107CIVLENARDGOOD, 2016 WL 4006665, at *2 (S.D. Fla. Mar. 7, 2016).

2

depositions were necessary to prepare its defense. Defendant specifies that trial transcripts were needed for use in its preparation of its renewed judgment as a matter of law and other post-trial pleadings.

The Court finds that the depositions were reasonably necessary at the time they were taken and that the transcripts for which Defendant seeks costs were necessary for use in the case. Accordingly, costs of the transcripts are compensable.

## Conclusion

Therefore, pursuant to Local Rule 54.1(a)(2), the Clerk is directed to tax costs for fees for printed or electronically recorded transcripts in the amount of $15,043.30.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 21, 2022